Count Two of the petition in this suit seeks refund of certain tire excise taxes paid by plaintiff, a truck trailer manufacturer. Defendant has raised the defense of limitations pursuant to Section 6511 of the Internal Revenue Code. Believing that the government is estopped from pursuing this defense, by the allegedly negligent, malicious, arbitrary and capricious conduct of federal employees, plaintiff submitted sets of interrogatories (to be answered by the Department of Defense and the Defense Supply Agency) to seek factual information on which to base this claim of estoppel. Defendant objected to these interrogatories as irrelevant — on the ground that the alleged negligence, malice, etc., could not, as a matter of *735 law, affect the running of limitations under Section 6511— and plaintiff filed a motion to compel answers. The trial judge, concluding that defendant’s argument was that the sufficiency of Count Two could not be bolstered by the answers to the interrogatories "irrespective of what the answers may be”, ordered the defendant to file a motion for partial summary judgment addressed to Count Two and also ordered that, if the defendant failed to file such a motion within 40 days, plaintiffs motion to compel answers to the interrogatories would automatically be allowed.
Plaintiff requests interlocutory review pursuant to Rule 13(d) and Rule 53(c)(2)(ii). Defendant agrees with the trial judge and urges that plaintiff has failed to make the showing required by Rule 53(c)(2)(ii) for prompt review in the absence of certification under Rule 53(c)(2)(i).
The trial judge’s order was entirely appropriate. Since defendant’s position is that no equitable showing of the kind contemplated by plaintiff could possibly toll or defer the statutory limitations period, a dispositive motion for summary judgment can serve as the vehicle to present that broad legal argument to the court. In these circumstances the motion for summary judgment stands in the place of the old-fashioned demurrer, accepting arguendo plaintiffs factual allegations and urging their insufficiency as a matter of law. Plaintiff can allege what it believes the facts to be, arguing their relevance to its position. If it should turn out that certain specific types of the alleged negligent or intentional misconduct, but not others, have or may have a bearing on the running of limitations, the court can make the appropriate disposition in passing on defendant’s motion for summary judgment. It is very unlikely, in a word, that the plaintiff can or will be harmed by the procedure directed by the trial judge. The standards of Rule 53(c)(2)(ii) have not been met.
IT IS THEREFORE ORDERED AND CONCLUDED that plain|tiffs request for review is denied. j